## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

Brinker International Payroll Company, L.P. ("Brinker") and Dayelin Artiles, her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Ms. Artiles"), agree that:

1. **Recitals.** Ms. Artiles has filed a complaint for overtime wages in the United States District Court Southern District of Florida, Case No. 1:16-cv-23451 (collectively hereafter the "Lawsuit") in which she claims violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (the "FLSA"). Ms. Artiles acknowledges that Brinker and Releasees (defined below) deny and dispute the allegations in the Lawsuit.

2. **Consideration.** In exchange for signing this Settlement Agreement and Release of FLSA Claims ("Agreement"), and complying with its terms, including Ms. Artiles' dismissal of her claims as described below, Brinker will pay to Ms. Artiles One-Thousand Four-Hundred Dollars ($1,400.00), less lawful deductions, within seven (7) business days after all of the following occur: (1) Brinker receives this Agreement signed by Ms. Artiles; (2) Brinker receives an IRS form W-9 for Remer & Georges-Pierre PLLC; (3) the Parties file a Joint Motion for Approval of Settlement in the Lawsuit; and (4) the Court approves the settlement of the Lawsuit and dismisses the case with prejudice. Payments will be made as follows:

   - a check will be issued and made payable to Ms. Artiles in the amount of Four-Hundred Fifty Dollars ($450.00) (for which an IRS Form W-2 will be issued to Ms. Artiles).

   - a check will be issued and made payable to Ms. Artiles in the amount of Four-Hundred Fifty Dollars ($450.00) (for which an IRS Form 1099 will be issued to Ms. Artiles).

   - a check will be issued and made payable to the Remer & Georges-Pierre PLLC law firm in the amount of Five-Hundred Dollars ($500.00) for attorney's fees and costs (for which a Form 1099 will be issued to Ms. Artiles *and* Remer & Georges-Pierre PLLC).

Brinker makes no representation as to the taxability of the amounts paid to Ms. Artiles. Ms. Artiles agrees to pay federal or state taxes, if any, which are required by law to be paid by her with respect to this settlement. Moreover, Ms. Artiles agrees to indemnify Releasees (as defined below) and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Ms. Artiles or her attorneys under the terms of this Agreement

3. **No Consideration Absent Execution of this Agreement.** Ms. Artiles understands and agrees that she would not receive the monies and/or benefits specified above, except for her execution of this Agreement and the fulfillment of the promises contained herein.

4. **Release of FLSA Claims.** Ms. Artiles knowingly and voluntarily releases and forever discharges Brinker, its parent corporation, affiliates, subsidiaries, divisions, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Ms. Artiles has or may have against Releasees as of the date of execution of this Settlement Agreement and Release of FLSA Claims, including, but not limited to, any alleged violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA"). This release does not include the waiver of claims by Ms. Artiles of any claims other than her FLSA claims.

5. **Termination of the Lawsuit.** As a condition precedent to Brinker's payment of the consideration described above, Ms. Artiles agrees to file a Joint Motion for Approval of Settlement and Dismissal with Prejudice of the Lawsuit no later than five (5) days after her execution of this Agreement. Additionally, notwithstanding the other terms of this Agreement, Brinker shall not pay the consideration described above until the Court has dismissed the Lawsuit with prejudice.

6. **Acknowledgments and Affirmations.**

Ms. Artiles affirms that she has not filed, caused to be filed, or presently is a party to any claim against Brinker or its related entities, except for the Lawsuit. Ms. Artiles also affirms that upon payment of the amounts set forth herein, she will have been paid and/or will have received all wages, compensation, liquidated damages related to wages, and attorney's fees and costs in connection with any claims for wages under the FLSA, and that no other compensation or wages, are due to her.

7. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction (or arbitrator) and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

10. **Dispute Resolution.** Any controversy or claim arising out of or relating to this Agreement, or breach of the Agreement, shall be settled by arbitration in accordance with

the rules of the American Arbitration Association. Brinker shall pay the costs of Arbitration with the exception of any filing fee, which shall be borne by the party initiating the arbitration.

11. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties as to settlement of the FLSA claims alleged in the Lawsuit, and fully supersedes any prior agreements or understandings between the Parties as to this subject matter. Ms. Artiles acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

MS. ARTILES IS ADVISED THAT SHE HAS UP TO SEVEN (7) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. MS. ARTILES ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO HER SIGNING OF THIS AGREEMENT.

MS. ARTILES FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

By: _____
DAYELIN ARTILES

Brinker International Payroll Company, L.P.

By: _____
Name: Chris Green
Position: Corporate Counsel
Date: 10/13/16

4824-6879-5448, v. 4